IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JARMAL JABBAR SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:18-cv-1077-MHT-SRW |
| | ) |
| CYNTHIA PETTAWAY, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

On January 2, 2019, this case was referred to the undersigned for action or recommendation on all pretrial matters. *See* Doc. 6. Plaintiff challenges the constitutionality of actions taken by Cynthia Pettaway at the Dallas County Democratic Executive Committee Office in Selma, Alabama. Specifically, defendant complains that he was prevented from running for Dallas County probate judge because he could not pay the filing fee required to qualify as a candidate and for other reasons. *See id.*

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. §1406.

**DISCUSSION**

A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is

situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). When a case is filed "laying venue in the wrong division or district," the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. 1404(a)("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought[.]"); *Lowrance v. Bibb County DHR*, 2:17-cv-663-WKW-TFM (M.D. Ala. Feb. 14, 2018)(Doc. 10)(adopted, *see* Doc. 13)(transferring in the interest of justice and for the convenience of witnesses *pro se* action in which plaintiff alleged constitutional claims brought pursuant to 42 U.S.C. § 1983).

Plaintiff alleges that both he and defendant live in Selma, Alabama. *See* Doc. 1 at 1. Moreover, he avers that the events giving rise to the complaint occurred at the Dallas County Democratic Executive Committee Office, which is in Selma. *See id.* Given these circumstances, venue does not lie in this district; the proper venue is the United States District Court for the Southern District of Alabama, where Selma is located. Therefore, in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Southern District of Alabama for disposition.

## CONCLUSION

Accordingly, for the reasons discussed herein and pursuant to the provisions of 28 U.S.C. 1406(a), it is the RECOMMENDATION of the Magistrate Judge that this case be

transferred to the United States District Court for the Southern District of Alabama for disposition. In addition, it is

**ORDERED** that **on or before February 19, 2019**, plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the plaintiffs object.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 5th day of February, 2019.

/s/ Susan Russt Walker
Susan Russ Walker
United States Magistrate Judge